## JAMES E. PAUL v. THE STATE.

1. CONSPIRACY.— Articles 800 and 804 of the Penal Code define conspiracy to be an agreement entered into between two or more persons to commit one or more of the following offenses, viz.: murder, robbery, arson, burglary, rape, theft or forgery.

2. SAME — EVIDENCE.— Where one of several defendants charged with conspiracy has been tried and acquitted, the record of his acquittal is competent evidence in behalf of another defendant subsequently tried.

3. SAME.— The acquittal of one defendant on trial for conspiracy disqualifies his acts and declarations in furtherance of the common design as evidence against another defendant subsequently tried for the same offense.

4. SAME — CHARGE OF THE COURT.— Where under an indictment for conspiracy there had been a severance, and one of several defendants had been tried and acquitted, it was error for the court to charge with reference to a supposed conspiracy between him and the defendant on trial. The charge should have confined the jury to the question of a conspiracy between the defendant on trial and the defendants not yet tried.

APPEAL from the District Court of Mitchell. Tried below before the Hon. T. B. WHEELER.

The opinion of the court discloses the nature of the case. The verdict of conviction awarded the appellant a term of two years in the penitentiary.

About the sum and substance of the evidence upon

which this conviction was secured was, that the appellant, one Baker and one Miller entered into an agreement to rob a Chinaman who kept a laundry in the town of Colorado, Mitchell county. This agreement they disclosed to one Wilson, and requested him to participate with them in the criminal enterprise. Wilson refused, and notified the sheriff and other officers, who directed him to accompany the defendant and his colleagues to the Chinaman's house, on the night agreed upon, as an ostensible assistant. Having ascertained the time agreed upon, the officers secreted themselves in the vicinity of the laundry, and presently discovered the four men approaching. Two of them, this defendant and Miller, passed around to a door to force an entrance, while Baker and the witness Wilson took their positions on the outside to watch. In a few minutes the officers heard an effort to force the door, followed by the report of a pistol, whereupon they left their hiding places and secured the defendant, and also Miller and Baker.

*H. A. Fowlks*, for the appellant: The first assignment of error, and the one principally relied on by appellant for a reversal in this case, is the ruling of the District Court in excluding from the jury the record of the acquittal of Chester Baker, an alleged co-conspirator, and a co-defendant charged in the same indictment. The Code of Criminal Procedure, article 725, provides that the rules of evidence known to the common law of England, both in civil and criminal cases, shall govern in the trial of criminal actions in this State, except when they are in conflict with the provisions of this Code, or some statute of this State. For the common rules of evidence applicable to conspiracy reference is made to 2 Starkie on Evidence, 410 and note; 2 Wharton on Criminal Law, section 1342; Greenleaf on Evidence, vol. 3, section 97, where will be found substantially the follow-

ing doctrine: That where one of several charged with conspiracy has been acquitted, the record of acquittal is evidence for another defendant subsequently tried. The case in Starkie goes further, in this: that during the same term of court the indictment itself, with the officer's note, i. e., verdict, are evidence without the record formally drawn up; and more especially should that rule apply to this case wherein the declarations of Chester Baker, made at the time of the alleged conspiracy, were allowed to go to the jury as evidence against this appellant after the said Chester Baker had been acquitted of conspiracy, thus raising presumptions of guilt which appellant could not rebut save by the evidence excluded,— namely, the fact of the acquittal of Chester Baker of any conspiracy with appellant.

The fourth assignment is the next error to which the attention of this court is directed, and in this connection it is submitted that there is no offense known to the law as an attempt to commit an assault with intent to rob. *White* v. *State*, 22 Texas, 608. The District Court, for that error in the indictment, erred in overruling appellant's motion in arrest of judgment.

*H. Chilton*, Assistant Attorney General, for the State.

WHITE, P. J. Chester Baker, J. W. Miller, and appellant James E. Paul were jointly indicted under articles 766–804, Penal Code, for conspiracy to rob one Sam Sing. Baker was tried and acquitted, and Paul upon his motion was granted a severance and placed upon his trial, which resulted in the conviction here appealed from.

On the trial defendant offered to prove that his co-defendant Chester Baker had been acquitted after a trial had on this same indictment, and offered to read in evidence the record in Baker's case showing his trial and acquittal. To this the counsel for the State objected, and

the court sustained the objection, and refused to permit the offered evidence to be introduced; and defendant saved his bill of exceptions to the ruling of the court in excluding the evidence. This is the main error relied on for reversal.

"A conspiracy is an agreement entered into between two or more persons to commit one or more of the following offenses, viz.: Murder, robbery, arson, burglary, rape, theft, or forgery." Penal Code, arts. 776 and 780.

As to the effect of the acquittal of one of the parties Mr. Greenleaf states the rule thus: "If two only be charged with a conspiracy and one be acquitted, the other must also be acquitted though he be guilty of doing the act charged; for it will be no conspiracy, however otherwise it may be criminal. And if one of several defendants charged with this offense be acquitted, the record of his acquittal is admissible in evidence in favor of another of the defendants subsequently tried." 3 Greenl. Ev. § 97. And Mr. Wharton also states the rule to be that "where one of several defendants charged with conspiracy has been acquitted, the record of acquittal is evidence for another defendant subsequently tried." 2 Whart. Cr. Law (8th ed.), § 1391. Under these authorities we are of opinion that the proposed evidence was admissible, and that the court erred in its rejection.

In view of another trial it may not be improper further to remark that the acquittal of Baker would also render his acts and declarations in furtherance of the common design inadmissible as evidence against the other defendants; because, if he was not a co-conspirator, his acts and declarations could not be binding upon them.

Again: Baker having been acquitted, the court erred in charging the jury with reference to a supposed conspiracy between him and the other defendants; instead of which, the charge should have confined the investigation of the jury to the question of a conspiracy as existing alone be-

tween the appellant and his co-defendant Miller, without including the acquitted defendant.

For the errors indicated, the judgment must be reversed and the cause remanded for a new trial.

*Reversed and remanded.*